GULF & S. I. R. Co. *v.* ODUM.

(En Banc. Dec. 3, 1923.)

[98 So. 60.   No. 23340.]

1. CARRIERS.  *Presumption of negligence may be rebutted by negative
   as well as positive testimony.*

   The presumption of negligence afforded by section 1985, Code of
   1906 (section 1645, Hemingway's Code), as well as the presump-
   tion of negligence under the doctrine of *res ipsa loquitur*, may
   be met and overcome by a defendant by negative as well as

positive testimony. A defendant may be exculpated from such presumption of negligence, where the facts and circumstances of the injury complained of completely rebut such presumption, or where the evidence shows an absence of any facts or circumstances from which such presumption could arise.

2. CARRIERS. *Evidence as to injury to passenger by unexplained explosion held to rebut presumption of negligence arising therefrom.*

Where a passenger was injured by an unexplained explosion in the car and near the seat on which he was sitting and there was left no sign or marks on or about said seat or in said car by such explosion, and the railroad company showed that on the morning of the explosion the car in which the plaintiff was a passenger was inspected and cleaned and no explosive left in it and that none was afterwards seen in it, such evidence completely rebutted any presumption that arose on account of such explosion, and entitled the railroad company to a directed verdict.

APPEAL from circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Action by J. A. Odum against the Gulf & Ship Island Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*B. E. Eaton* and *T. J. Wills,* for appellant.

It was the contention of the plaintiff in the court below that to show the injury occasioned by an explosion in the coach of the passenger train was sufficient to invoke the aid of the *prima-facie* statute notwithstanding the fact that the train was standing still, and the explosion was occasioned by some foreign substance, not a part of the equipment, incident to the operation of the train at the point where the explosion occurred.

It was the contention of the plaintiff in the court below that proof of injury made a *prima-facie* case. It was the contention of the defendant below that in addition to the proof of the injury that proof must show that it was inflicted by the running of the engine and cars, etc., before

the *prima-facie* case was made out. It is this difference as to the principal that constitutes the major question presented on this appeal.

The first count of the declaration charged a specific negligence on the part of the defendant. It charged that the defendant negligently permitted some kind of powerful and dangerous explosive to be concealed under or about the seat of the coach and that the defendant knew, or by the exercise of the care imposed upon it by law should have known of the presence of this explosive substance. If there was an explosive substance under the seat or near the seat that caused this explosion and alleged injury to the plaintiff and he sought to recover from the defendant because of the negligence in placing it there, or the negligence in permitting it to remain there.

In 20 R. C. L., at page 194, the rule of law as to the burden of proof is thus stated: "One who seeks to recover of another on the ground of negligence on the part of that other assumes the burden of maintaining not only the negligence complained of, but that such negligence has occasioned him loss."

The plaintiff in the second count of the declaration charged general negligence so as to bring the case within the law of presumptions that arise from the proof of injury inflicted by a specific thing. This court said in the case of *Gulfport and Mississippi Coast Traction Company* v. *Hicks,* 76 So. 873: "It may be conceded then that the statutory presumption conspires with the doctrine of *res ipsa loquitur* and that both are applicable under the facts of this case."

Our *prima-facie* statute is but an extension of the doctrine of *res ipsa liquitur* to apply and raise the presumption of negligence where the proof shows that the injury was inflicted by the running of a train of cars, etc., in the same manner as under the *res ipsa liquitur* doctrine.

The plaintiff in this case did not invoke the *res ipsa liquitur doctrine* but invoked the *prima-facie* statute as is

133 Miss.—35

shown by the instruction, and it was on the *prima-facie* presumption of negligence raised by the statute that appellant seeks to maintain the judgment.

Speaking of this same principle, 20 R. C. L., page 194 says: "Where the facts are such as to raise a presumption of negligence (our *prima facie*)', or give rise to the principle of *res ipsa loquitur,* the burden of proceeding is shifted to the defendant, and if he would escape an adverse finding he must adduce evidence to meet the plaintiff's case."

Discussing now the applicability of the *prima-facie* statute, we observe proof of injury within itself is not sufficient to set the statute in motion. The proof must show that the injury was inflicted by the engine or cars propelled by the dangerous agency of steam and running on tracks. This court said in the case of *M. and O. R. R. Company* v. *Dale,* 61 Miss. 206. "The statute imposes upon the railroad company, the fact of the injury by their cars having been established, the burden of showing the exercise of all proper skill and care upon its part."

As to this same principle we cite the case of *A. and V. R. R. Company* v. *Thornhill,* 106 Miss. 409, 63 So. 674.

As to the burden of proving what produced the injury, there is no difference when the presumption created by the *prima-facie* statute or the presumption raised by the doctrine of *res ipsa loquitur* is invoked. See *Benedick* v. *Potts* (Md.) 41 L. R. A. 478.

It is a perfectly well-settled principle, that to entitle a plaintiff to recover in an action of this kind, he must show, not only that he has sustained an injury, but that the defendant has been guilty of some negligence which produced that particular injury. In all the cases, whether the relation of carrier and passenger existed or not, the injury alone furnished no evidence of negligence. Something more was required to be shown. *Pennsylvania R. Company* v. *MacKinney,* 124 Pa. 462, 2 L. R. A. 820.

In *Howser's Case,* 80 Md. 146, 27 L. R. A. 154, there had been no other evidence than the mere fact of an injury, it cannot be pretended that the jury would have been allowed to speculate as to how the injury had occurred.

In the case of *Ash* v. *Childs Dining Hall Company,* 231 Mass. 86, 4 A. L. R. 1556, the court after discussing the facts of the case there under discussion stated the general principle of law in the following language:   "There is nothing in the record from which it can be inferred that the harm to the plaintiff resulted directly from any failure of duty on the part of the defendant.   The precise cause of her injury is left to conjecture."

In the case of *Klein* v. *Beeten* (Wis.), 5 A. L. R. 1237, the court announced the general principle of law, and quoted to approve the case of *Musback* v. *Wisconsin Chair Co.,* 108 Wis. 69, 84 N. W. 39, as follows: "An explosion occurred, injuring plaintiff, and the question was whether the explosion occurred by reason of a defect in a gas pipe or by the negligence of a co-employee in permitting a slight flow of gasoline from a burner after it was extinguished.   There was evidence showing that it might have resulted from either.   The court said:

'But, conceding the possibility that either such defect or negligence of Wolf was the efficient cause, choice between them could only have been based upon conjecture or guess. There was absolutely no evidence even tending to prove that the gas which exploded came from the basement, and not from Wolf's burner.   The submission to a jury of such choice has been universally condemned, and by no court more vigorously than by this.' "

In the case at bar there was proof of an injury occasioned by an explosion.   What it was that exploded was not shown.   How it came to be in the car was not shown, and how long it had been there was not shown.   It was shown clearly that whatever it was, it was some foreign substance that was no part of the equipment properly belonging to or located in the car, and at the place the explosion

occurred. This proof fell far short of meeting the burden cast upon plaintiff of proving that the injury was caused by the operation of the engine and cars. The proof did not disclose the thing producing the injury so that the thing itself could speak a presumption of negligence under the *res ipsa loquitur* doctrine.

There was no evidence of negligence on the part of the defendant. There was no evidence of a fact from which negligence could be presumed. The peremptory instruction requested by the defendant should have been granted.

*Hall & Hall,* for appellee.

Under the facts, we contend that the appellee made out a case under the *prima-facie* statute, which is section 1645 of Hemingway's Code, and that the burden rested upon the appellant to absolve itself from all negligence with reference to the explosion. The appellant wholly failed to explain what caused the explosion, and wholly failed to show that it was without fault, because its own testimony shows that there were at least six highly dangerous torpedoes on the train which were not accounted for by it, that these torpedoes were in charge of the negro porter, one of its employees, and it did not produce this porter show what disposition he made of his torpedoes, nor to show whether any of his torpedoes were missing, nor whether he had left any of them in the smoker.

The proof showed that appellee purchased a ticket and boarded the train and became a passenger thereon; that this train consisted of an engine and cars and was propelled by steam and ran on tracks. The statute makes proof of injury inflicted by the running of such train *prima-facie* evidence of the want of reasonable skill and care on the part of appellant. In the case of *Gulfport and Mississippi Coast Traction Company* v. *Hicks,* 116 Miss. 164, 76 So. 873, this court construed the word "running" as being synonymous with "operation," and gives a logical

line of reasoning for so doing. When appellee was injured the train was standing still at the station, but it had stopped for the purpose of discharging and receiving passengers, and this was necessarily a part of its operation. There can be no question but that this train was in operation at the time of the explosion.

Appellant contends first that under the *prima-facie* statute the appellee must show "the circumstances and conditions surrounding the injury" and that " the injury is occasioned by an instrumentality wholly under the control of the defendant, and the injury is such as the agency producing it would not cause, in the ordinary course of events, and would not be occasioned except by the negligence of the defendant in the handling of the instrumentality."

In the case of *A. and V. Ry. Company* v. *Thornhill*, 63 So. 674, the court, speaking through Mr. Chief ·Justice SMITH, carefully reviews twenty-two prior decisions involving the *prima-facie* statute and lays down this principle of law: "Ordinarily whether or not an injury was the result of a defendant's negligence depends upon the inference to be drawn from the facts and circumstances under which it was inflicted. This statute (the *prima-facie*) relieves the plaintiff from proving these facts and circumstances by providing that proof of the injury shall be *prima-facie* evidence of negligence; in other words, by providing that an inference or presumption of negligence must be drawn from the mere infliction of the injury."

From the foregoing it is clearly apparent that no burden rests upon the plaintiff to show the facts and circumstances surrounding his injury, nor to show that the instrumentality is wholly under the control of the defendant, for in the *Easley case, supra,* the instrumentality causing the injury was not even known.

In the lower court we cited, among other cases, *Gulfport and Mississippi Coast Traction Co.* v. *Hicks,* 116 Miss. 164, 76 So. 873, and the appellant now cites this case as au-

thority for its position. We contend, however, that the Hicks case is absolute authority for the appellee, and we direct the court to a careful consideration of the facts involved and the conclusions reached therein. A number of Mississippi authorities are cited in the Hicks case, what proof is necessary to be made by the plaintiff, among them being *R. R. Company* v. *Trotter,* 60 Miss. 442, from which the following is quoted with approval: "As to injuries resulting from causes which ordinarily exist only by reason of the negligence of the carrier, it has been held that proof of the injury and the character of the carrier is sufficient to establish a *prima-facie* right of recovery, and to entitle the plaintiff to judgment unless rebutting testimony is introduced by the carrier. Hutchinson on Carriers, section 801, and authorities cited."

In the case at bar the plaintiff did exactly what is required under the above authority, namely, he proved his injury and proved the character of the carrier, that is, he proved that he was injured by an explosion in the railroad company's car, and that the explosion was due to no fault or design of his own, and that at the time thereof he was a passenger upon one of the trains of appellant company operated by steam power and running on tracks; that is all that the statute requires of him, and is all that the decisions of the Mississippi supreme court require.

All the cases cited by appellant are based upon the doctrine of *res ipsa loquitur,* but they do not involve explosions. A presumption of negligence arises where an explosion of unusual severity, indicating an extraordinary condition and presence of causes not usual in the ordinary operation of a car, took place on a passenger car to the injury of a passenger. *German,* v. *Brooklyn Heights R. Co.,* 107 App. Div. 354, 95 N. Y. Supp. 112.

Where it is shown by the evidence that the relation of passenger and carrier exists, that an explosion occurred in one of the cars of the train on which plaintiff was riding, and that an injury results to her, the burden shifts

to the carrier to show that it was not negligent in the premises. *Chicago Union Traction Company* v. *Newmiller,* 116 Ill. App. 625, judgment affirmed 74 N. E. 410, 215 Ill. 383.

Whenever something unusual occurs in the operation of a public conveyance carrying passengers for hire, proof of such fact and of a consequent injury to a passenger raises the presumption of negligence. *Briscoe* v. *Metropolitan St. Ry. Co.,* 222 Mo. 104, 120 S. W. 1162: "Where proof of injury is made by the plaintiff under the *prima-facie* statute in any case, the plaintiff is never required to show negligence of the defendant until the defendant has explained the injury by testimony putting it beyond and without the statute, in which event both parties would then stand upon the same legal footing, and the plaintiff would have the burden of showing negligence on the part of the defendant before a recovery could be had." Citing: *Railroad* v. *Thornhill,* 106 Miss. 387, 63 So. 674; *Railroad Company* v. *Hamilton,* 62 Miss. 503; *Railroad* v. *Doggett,* 67 Miss. 250, 7 So. 278; *Railroad* v. *Brooks,* 85 Miss. 269, 38 So. 40; *Railroad* v. *Landrum,* 89 Miss. 399, 42 So. 675; *Fuller* v. *Railroad,* 100 Miss. 705, 56 So. 783; *Jefferson* v. *Railroad,* 105 Miss. 571, 62 So. 643; *Railroad* v. *Carney,* 109 Miss. 233, 68 So. 166.

In view of the uniform holding of this court in the numerous cases hereinabove cited, bearing upon the *prima-facie* statute, we respectfully submit that there is no merit in any of the contentions made by appellant.

Argued orally by *T. J. Wills,* for appellant, and by *Lee Hall,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, J. A. Odum, received an injury by means of an explosion from an unknown cause while a passenger on one of the trains of the appellant, Gulf & Ship Island Railroad Company, and sued for damages, therefor and

recovered judgment, from which the appellant prosecutes this appeal.

The essential facts out of which the questions presented arise are as follows: On the 21st of January, 1922, appellee purchased a ticket at Columbia, a station on appellant's line, for passage to Lumberton, another station on appellant's line, and boarded appellant's passenger train at Columbia for the purpose of being so transported. He entered what is commonly known as the "white smoker," being a compartment composed of one end of a car set aside for white passengers to occupy while smoking; and using his own words, "I went in and sat down and just as I sat down up went the explosion." The explosion according to the appellee's testimony was accompanied by a flash of fire and a loud report like a shotgun. It resulted in throwing appellee down in the aisle and injuring him. No one else was in the smoking car at the time of the explosion. The windows of the car were down and the heat was on. Persons outside heard the explosion and went in and made an examination. They found no evidence of any kind whatever of an explosion having taken place except when they entered the car they smelled something like exploded powder or dynamite.

Appellee testified that the explosion took place as it appeared to him down near the steam pipes which heated the car. No débris was found, nor smoke or other sign on the floor or about the seat where the appellee was sitting, or the steam pipes or elsewhere indicating an explosion. Appellee testified that he had no explosive about his person; that he did not cause the explosion; nor did he know what it was that exploded. In other words, so far as the evidence goes, the explosion was simply an unexplained mystery. There was not the slightest clue as to what exploded or what caused the explosion.

Appellee to make out his case relied on the *prima-facie* statute, section 1985, Code of 1906 (Hemingway's Code, section 1645), and also on the doctrine of *res ipsa loquitur*.

Appellant, conceiving the court might hold that by virtue of said *prima-facie* statute or the doctrine of *res ipsa loquitur* a presumption of negligence on the part of appellant arose giving appellee a case for the jury, undertook to exculpate itself from any such presumption by showing that it was without fault.  With that end in view appellant showed, in addition to what is stated above, that the explosion and injury took place between nine and ten o'clock in the morning; that the train on which appellee was a passenger was made up that morning at Jackson, the northern terminus of appellant's line of railroad; that before going out the car in which appellee was injured, with the balance of the coaches, was cleaned and inspected; that when said train left Jackson on the morning of the injury there was no explosive substance of any kind in the car in which appellee was injured.

The court below, at the instance of appellee, instructed the jury under section 1985, Code of 1906 (Hemingway's Code, section 1645), that proof of the explosion was *prima-facie* evidence such explosion was caused by the negligence of appellant.  Appellant contends that the giving of such instruction was error, because no presumption of negligence could arise in the absence of evidence (and there was none) that the explosion causing the injury resulted from the operation of appellant's train on which appellee was at the time a passenger.

In the view we take it is unnecessary to decide whether or not proof of the explosion in question carried with it a presumption of negligence either by virtue of said *prima-facie* statute or the doctrine of *res ipsa loquitur.*

Conceding that there was such a presumption of negligence on the part of appellant, still we are of opinion that appellant has completely exculpated itself therefrom.  The presumption of  negligence afforded by said statute, as well as that arising from the doctrine of *res ipsa loquitur,* may be met and overcome by negative as well as positive evidence.  Attending facts and circumstances completely

rebutting without conflict the presumption may be shown, or the absence of any fact or circumstance from which negligence could be reasonably inferred may be shown. It is true that the evidence in this case showed nothing of the attending facts and circumstances except the explosion and injury; still it excluded any and all facts and circumstances tending to place responsibility for such explosion upon appellant. The evidence of exculpation of appellant of any fault is complete and uncontradicted.

We are therefore of opinion that the trial court should have granted appellant's request for a directed verdict.

Reversed and judgment here for appellant.

*Reversed.*